# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

BY_____ DEPUTY
J. T. NOBLIN, CLERK

U.S. COURT OF APPEALS
FILED
APR 29 2008
CHARLES R. FULBRUGE III
CLERK

No. 08-60236

IN RE: SANQARELL ANTONIO JERNINGHAN

Movant

Motion for an order authorizing
the United States District Court for the Southern
District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Sanqarell Antonio Jerninghan, Mississippi prisoner # R5937, has filed a motion for authorization to file a successive 28 U.S.C. § 2254 application challenging his 2003 conviction for sale of cocaine and resulting 20-year sentence. In his proposed § 2254 application, Jerninghan seeks to allege 1) ineffective assistance of counsel who failed to raise an entrapment defense, which would have shown that Jerninghan was lured to sell drugs by the confidential informant (CI); 2) that a juror refused to inform the trial court that she was related to both Jerninghan and the CI; 3) ineffective assistance of counsel who refused to call witnesses, failed to investigate the case and learn the identity of the CI, refused to seek a defense to entrapment which would have shown Jerninghan's innocence, and failed to challenge the elements of the offense; and 4) that the trial judge was biased as shown by the excessive sentence and by his refusal to instruct the jury on entrapment.

A claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless the applicant shows that the claim relies upon either: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) facts that "could not have been discovered previously through the exercise of due diligence" and which "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (B)(i) & (ii).

Jerninghan raised in his initial § 2254 application the claims he now seeks to assert that a juror failed to inform the trial court that she was related to Jerninghan and the CI and that the trial judge erred in denying an entrapment jury instruction. Those claims must be dismissed. § 2244(b)(1). Jerninghan does not explain why he could not have raised his new claims, which are all based on events at trial, in his prior § 2254 application that was filed in July 2006. Although he claims new evidence that other relatives were entrapped by the CI, Jerninghan has not shown facts "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." See § 2244(b)(2)(B)(ii).

IT IS ORDERED that the motion for authorization to file a successive § 2254 application is DENIED.

A true copy
Attest: APR 29 2008
Clerk, U. S. Court of Appeals, Fifth Circuit
By_____ Deputy
New Orleans, Louisiana